**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ELVIN TYRONE JOEL SCOTT                                                        PLAINTIFF

v.                                    3:14CV00309-JTK

JOEY MARTIN                                                                     DEFENDANT

**MEMORANDUM AND ORDER**

**I.     Introduction**

Plaintiff Elvin Scott filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated at the Poinsett County Detention Center (Doc. No. 2).  He claims Defendant Martin discriminated against him because of his race (African American) while Plaintiff was incarcerated at the Jail in November and December, 2014.  Plaintiff asks for damages from Defendant.

This matter is before the Court on Defendant's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 16-18).  In response, Plaintiff filed a Motion for Summary Judgment (Doc. No. 20), to which Defendant responded (Doc. No. 21).  Defendant also filed an additional response pursuant to the Court's October 16, 2015 Order (Doc. No. 22) requesting supplemental clarifying information (Doc. No. 23).[1]

**II.    Complaint** (Doc. No. 2)

Plaintiff claims Defendant discriminated against him based on his race in two respects while he was incarcerated at the Jail in 2014.  First, Plaintiff claims that his requests to use the telephone "up front" were denied, although other white inmates (Timothy Lyles, Jimmy McKinney, Matthew West, and "Brain" Moore) were permitted to use the telephone. (Doc. No. 2, p. 4)  He also claims that when he became barracks porter in December, 2014, Defendant denied his request for extra

---

[1]Plaintiff did not submit additional information in response to the Court's Order.

food, event though Timothy Lyles had previously received such treatment.  (Id., p. 5) In support, Plaintiff attaches his request forms, which were denied, and request forms submitted by Timothy Lyles where Defendant Adams wrote that he would be granted a telephone call when time allows. (Id., pp. 9-16)

### III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

#### A.     Official Capacity Liability

The Court agrees with Defendant that Plaintiff's monetary claims against him in his official capacity should be dismissed.  A suit against a county official in his official capacity is the equivalent of a suit against the county itself.  Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must

allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).  Plaintiff does not allege a Jail policy of discrimination, or that a pattern or practice of racial discrimination caused the incidents about which he complains. Therefore, the Court finds that the monetary claims against Defendant in his official capacity should be dismissed.

### B. Individual Capacity Liability

Defendant also asks the Court to grant him summary judgment on Plaintiff's claims against him in his individual capacity, stating Plaintiff cannot show that he deliberately discriminated against him or that he treated different a similarly-situated class of inmates.  In support, Defendant submitted his affidavit in which he denied that he discriminated against Plaintiff. (Doc. No. 17-1) Martin stated that while inmates are permitted to make collect calls from telephones in their barracks, a previous practice which allowed them to use the telephones at the front of the Jail ended on November 17, 2014.  (Id., p. 1)  Two exceptions are allowed, when an inmate needs a prescription refill or needs to contact a bondsman who does not accept collect calls.  (Id., p. 2) Adams stated that if an inmate was permitted to use a telephone at the front of the Jail after November 17, 2014, it was either for one of those purposes, or happened without his knowledge. (Id.)  In addition, Adams stated that when he began working as the Jail Administrator on October 17, 2014, he allowed barracks porters to received double portions for a couple of months until he was told that the practice was not allowed. (Id.)  Plaintiff became a barracks porter about the time that the practice ended. (Id.)

Defendant also provided copies of three requests from inmate Brian Moore, where his requests to use the front telephone were denied. (Doc. No. 17-2) According to Plaintiff's Complaint

(Doc. No. 2, p. 7) and Defendant's second response (Doc. No. 23-1, p. 2), Brian Moore is Caucasian.  In his Summary Judgment Motion, which this Court construes as his response to Defendant's Motion, Plaintiff stated that Defendant Adams clearly showed favoritism to inmate Timothy Shane,[2] "opposed to not just myself but every inmate being held at the Poinsett County Jail." (Doc. No. 20, p. 1) Plaintiff also claimed that Timothy Shane received extra portions of food when other barracks porters "were not giving (sic) the same privilege.  It only applied to one individual." (Id., p. 2) He continued that the favoritism was "shown to this particular inmate," and that his claim is based "not on racil (sic) discrimination alone, but a violation of my civil rights as well as my fellow inmates.  I base my claim on injustice and equalitly (sic) for every inmate...." (Id.)

"A fundamental principle of equal protection is that the Constitution only prohibits intentional or purposeful discrimination by the state." Klinger v. Department of Corrections, 31 F.3d 727, 733 (8th Cir. 1994).  Equal protection requires the government to treat similarly-situated people alike, and dissimilar treatment of dissimilarly situated persons does not violate equal protection. Id. at 731.  Plaintiff claims Defendant treated him dissimilarly from other white inmates, by denying his requests to use the front telephone and by denying his requests for extra portions of food. Defendant disputes Plaintiff's claims, providing explanations why another inmate would have been granted the same requests which were denied to Plaintiff.   Although this creates a dispute of fact, the Court finds that Plaintiff fails to show that Defendant acted with intent to discriminate, and he fails to counter evidence presented that Defendant also denied similar requests to a white inmate, Brian Moore.

---

[2] The Court assumes that "Timothy Shane" is actually "Timothy Lyles" who is mentioned in Plaintiff's Complaint.  (Doc. No. 2, p. 7)

It is also clear to the Court that Plaintiff's main complaint appears to be that Defendant granted inmate Shane (or Lyles) additional privileges which he did not provide to any other inmates. Plaintiff states, "Defendant has shown what is clearly favoritism for the inmate Timothy Shane opposed (sic) to not just my self, **but every inmate being held** at the Pointsett County Jail." (Doc. No. 20, p. 1, emphasis added). And he continues, "there is clearly favortism (sic) shown **to this particular inmate**. I base my claim not on racil (sic) discrimination alone, but a violation of my civil rights **as well as my fellow inmates**. I base my claim on injustice and equalityly (sic) **for every inmate**..." (Id., emphasis added) The evidence (or lack thereof) in this case is similar to that in Barnes v. Outlaw, where the Court noted that the plaintiff inmate's claim of racial and sexual discrimination was "comprised of conclusory allegations and speculation" which failed to include "supporting facts or affidavits demonstrating comparable circumstances....The mere fact that on some occasions a heterosexual or non-black inmate received favorable treatment does not elevate plaintiff's claim into a matter of constitutional concern." No. CV. 04-2577-M1/AN, 2006 WL 840418 *7 (W.D.Tennessee 2006). Similarly. absent any other evidence in this case that that other white inmates were provided more privileges than Plaintiff, because of his race, or that Defendant intended to discriminate against Plaintiff when he allegedly granted inmate Timothy's request for additional telephone usage, or additional food, the Court finds as a matter of law that Defendant did not discriminate against Plaintiff.

**IV.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1     Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED;

2.    Plaintiff's Motion for Summary Judgment (Doc. No. 20) is DENIED.

3.    Plaintiff's Complaint against Defendant is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 20th day of November, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE